UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Mar 27 2018
U.S. DISTRICT COURT
Northern District of WV

KIMBERLY MALE,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

Civil Action No.: 1:18-cv-65   (Keeley)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY MALE ("Plaintiff"), by and through her attorney, Ellem Law Office, PLLC, alleges the following against KOHL'S DEPATMENT STORES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant is a Delaware Corporation that conducts business in the State of West Virginia therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Clarksburg, Harrison County, West Virginia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at N56 w 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before February 2017 and continuing through June 2017, Defendant called Plaintiff's cellular telephone number repeatedly.

13. Defendant called Plaintiff from telephone numbers including, but not limited to, 414-257-2339. The undersigned has confirmed that these numbers belong to Defendant.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with a noticeable delay or silence with no caller on the line before a live representative would come on the phone or the call would terminate.

16. Defendant's calls were not for emergency purposes.

17. In March 2017 or April 2017, shortly after calls started, Plaintiff first told the Defendant to stop calling her.

18. Defendant ignored Plaintiff's request to stop calling and continued to call her repeatedly, making up to several calls a day through around June 2017.

19. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, KIMBERLY MALE respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**KIMBERLY MALE**
By Counsel

John N. Ellem (WV State Bar #6027)
(Ohio S.Ct. #62842)
**ELLEM LAW OFFICE, PLLC**
914 Market Street, Suite 207
P.O. Box 322
Parkersburg, WV  26102-0322
Telephone – (304) 424-5297
Facsimile – (304) 865-1585
john@ellemlawoffice.com
*Counsel for Plaintiff*